UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| MARILYN THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil No. 16-222-ART |
| v. | ) | |
| NANCY A. BERRYHILL, | ) | **ORDER** |
| *Acting Commissioner of Social Security*, | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Marilyn Thomas applied to the Social Security Administration for disability and disability-insurance benefits. The agency denied her application. Thomas now seeks judicial review of that decision, arguing that the agency's Administrative Law Judge ("ALJ") erred in reviewing the evidence and concluding that Thomas was not disabled. But substantial evidence in the record supports the agency's final decision. The Court must therefore grant summary judgment to the Commissioner, and deny summary judgment to Thomas.

### BACKGROUND

Marilyn Thomas is a 57-year-old woman from Wooten, Kentucky. Tr. at 30−31. After graduating from college with a two-year degree, Thomas worked as a school secretary. *Id.* at 921. But in 2013, she stopped working because of lower-back pain and bone deformities from the waist down. *Id.* at 154. Thomas now suffers from back pain, degenerative joint disease, hypertension, depression, and anxiety. *Id.* at 16−17. On August 5, 2013, Thomas applied for disability-insurance benefits, alleging an onset date of May 31, 2013. *Id.* at 132. A few months later, the Social Security Administration ("SSA") held an

administrative hearing to evaluate Thomas's application. *Id.* at 13. ALJ Bonnie Kittinger presided over the hearings and reviewed all of the evidence that Thomas submitted about her medical conditions. *Id.* at 28–53. Thomas, represented by counsel, and Ms. Summer Gawthrop, a vocational expert, testified at the hearing. *Id.*

Following the hearing, ALJ Kittinger applied the traditional five-step analysis for Social Security decisions. *See id.*; *see also* 20 C.F.R. §§ 404.1520, 404.920; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). In that analysis, the ALJ made several findings: First, Thomas had not engaged in substantial gainful activity since May 31, 2013, the alleged onset date of her disability. Tr. at 15. Second, Thomas had two severe impairments: osteoarthritis and degenerative lumbar disc disease. *Id.* at 15–16. And, although Thomas was diagnosed with depression and anxiety, her mental limitations were not severe. *Id.* Third, Thomas had the residual functional capacity to perform light work—but she was limited in her ability to climb stairs, kneel, stoop, and withstand extreme temperatures. *Id.* at 18. Finally, even though Thomas could not return to serving as a school secretary as she had in the past, she could perform a less-demanding secretary job, as it is generally performed. *Id.* at 20.

Based on those findings, the ALJ determined that Thomas was not disabled as defined under the Social Security Act. *Id.* at 20. The agency's Appeals Council later declined review, making the ALJ's determination the final decision of the Social Security Commissioner. *Id.* at 1–5. That decision is now ripe for judicial review.

## DISCUSSION

The Court conducts a limited review of the Commissioner's decision under the Social Security Act. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied

2

the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.*; *see also Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (articulating the same standard for judicial review by the court of appeals). Substantial evidence means "more than a scintilla of evidence" that "a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In assessing the evidence and the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*; *see Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Thomas makes only one argument here: that ALJ Kittinger's conclusion that Thomas could return to secretarial work is "unsupported by the evidence of the record." *See* R. 12 at 6. She then points to the opinions of three people that, in her view, suggest that she is totally disabled and therefore unable to work: Dr. Alicia Pearce, a consultative examiner; Ms. Leanne Scott, a licensed psychological associate; and Ms. Summer Gawthrop, the vocational expert. *See id.* The Court will address the findings of each in turn.

*Dr. Alicia Pearce.* Thomas first asserts that Dr. Pearce's medical opinions show that she cannot work because she "would reasonably have trouble sitting or standing for extended periods." *Id.* Indeed, Dr. Pearce so opined. But she also reported that Thomas's physical exam was "otherwise unremarkable" and that she had "little limitations" for work activities. Tr. at 914. Moreover, another doctor, Dr. Rebecca Luking, reported that Thomas could perform medium-exertion work and could sit for about six hours at a time—albeit with a few postural limitations. *Id.* at 78−81. The ALJ considered and weighed all of that

3

evidence and decided to adopt an even "less demanding range of light work" than Dr. Luking recommended. *Id.* at 19.

*Ms. Leanne Scott.* Thomas next turns to the opinion of Ms. Scott, a psychological associate who examined Thomas under a psychologist's supervision. R. 12 at 6. Ms. Scott diagnosed Thomas with a depressive disorder and opined that she had severe limitations in her ability to "tolerate stress and the pressure of day-to-day employment" and to "sustain attention and concentration" in performing "simple repetitive tasks." Tr. at 922. On the other hand, Dr. Cole, who conducted a different examination, found that Thomas had no symptoms of either depression or anxiety and concluded that she "d[id] not require psychological treatment[.]" *Id.* at 495−96.

After reviewing that evidence, the ALJ found Ms. Scott's assessment to be "sharply at odds" with Dr. Cole's findings and the fact that Thomas had not pursued mental-health counseling. *Id.* at 16. He accordingly afforded more weight to Dr. Cole's opinion, considering his vast training and experience and the consistency of his report with Thomas's medical history. The ALJ's decision to rely more on Dr. Cole's opinion than Ms. Scott's was a decision about credibility. And Thomas does not suggest that the ALJ made that decision unreasonably; nor does the evidence suggest that was the case. Thus, this Court will not upend the ALJ's analysis. *See Rogers v. Comm'r of Soc. Sec'y*, 486 F.3d 234, 247−48 (6th Cir. 2007) (explaining that a reviewing court will only reconsider an ALJ's credibility determination when it is unreasonable or unsupported by the record).

*Ms. Summer Gawthorp.* Finally, Thomas highlights Ms. Gawthorp's testimony that Thomas could not perform her past work as a school secretary. R. 12 at 6. At the hearing, the ALJ asked Ms. Gawthrop a series of questions, including whether a hypothetical person

4

with Thomas's limitations could perform secretarial work. Tr. at 49−50. Ms. Gawthorp testified that the hypothetical person could perform secretarial work, which is typically sedentary in exertion, but could not do so at the higher level that Thomas had performed it in the past. *Id.*

The ALJ ultimately concluded the same about Thomas specifically: that she could not return to her exact job as a school secretary, which required above-average exertion, but that she could still perform the typical, more sedentary secretarial work. *Id.* at 20. That meant, under the SSA's regulations, that Thomas was not disabled. *Id.*; *see* 20 C.F.R. 404.1520(f) (explaining that the SSA will only find a claimant disabled if her impairment prevents her from performing some work that exists in the national economy). Thus, Ms. Gawthorp's testimony about Thomas's specific past work does not change the ALJ's conclusion.

\* \* \*

To summarize, Thomas's chief complaint about the ALJ's review of her case is that the review led to the wrong result. To her credit, Thomas points to some evidence in the record that could lead a different ALJ to a different conclusion. But it is not this Court's job to assess credibility, weigh the evidence, and decide whether Thomas is disabled. *Cutlip*, 25 F.3d at 286; *see Bass*, 499 F.3d at 509 ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion."). That job belongs to the ALJ. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987). The only question on judicial review is whether the ALJ applied the right legal standard to reach a conclusion that is supported by

substantial evidence in the record. *Rabbers*, 582 F.3d at 651. Here, the answer is yes, and that is all the law requires.

## CONCLUSION

Thomas contests the SSA's determination that she is not entitled to disability payments. Substantial evidence, however, supports the ALJ's decision. Accordingly, it is **ORDERED** that Thomas's motion for summary judgment, R. 12, is **DENIED**, and the Commissioner's motion for summary judgment, R. 14, is **GRANTED**. The Court will issue a judgment contemporaneously with this opinion.

Dated June 9, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY